Kenneth G. Parker (SBN No. 182911)
Casey H. Kempner (SBN No. 272149)
**Haynes and Boone, LLP**
18100 Von Karman Avenue, Suite 700
Irvine, CA 92612
Tel.: 949-202-3000
Fax: 949-202-3001
E-Mail: kenneth.parker@haynesboone.com
        casey.kempner@haynesboone.com

John Russell Emerson (*Pro Hac Vice*)
**Haynes and Boone, LLP**
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Tel.: 214-651-5000
Fax: 214-200-5400
E-Mail: russ.emerson@haynesboone.com
Attorneys for Defendants
CROSSMARK, INC. AND
SHOPPER EVENTS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SOCIAL SAMPLING, INC. and MASS CONNECTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CROSSMARK, INC.; SHOPPER EVENTS, LLC; and DOES 1-5, <br><br> Defendants. | Case No. SACV12-01576 CJC (ANx) <br> Hon. Cormac J. Carney <br><br> **DEFENDANTS CROSSMARK, INC. AND SHOPPER EVENTS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** <br><br> **[Federal Rules of Civil Procedure 7.1]** <br><br> Complaint Filed: September 18, 2012 |

Defendants CROSSMARK, Inc. and Shopper Events, LLC (collectively, "Defendants") hereby answer Social Sampling, Inc. and Mass Connections, Inc.'s (collectively, "Plaintiffs") Complaint for Patent Infringement, Permanent Injunction, and Damages and Demand For Jury Trial and plead their Affirmative Defenses and Counterclaim as follows:

## ANSWER

## THE PARTIES

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and therefore deny those allegations.

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and therefore deny those allegations.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and therefore deny those allegations.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and therefore deny those allegations.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and therefore deny those allegations.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and therefore deny those allegations.

7. CROSSMARK, Inc. is a Delaware corporation with its principal place of business at 5100 Legacy Drive, Plano, Texas 75024. Shopper Events, LLC is

99% owned by Shopper Events, Inc. and 1% owned by CROSSMARK, Inc. Defendants deny the remaining allegations of Paragraph 7.

8. Defendants deny that they participated in any conspiracy in violation of any law or engaged in conduct or made statements in furtherance of any conspiracy. Defendants deny the remaining allegations of Paragraph 8 as to Defendants. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning defendants other than CROSSMARK, Inc. or Shopper Events, LLC and therefore deny the remaining allegations of Paragraph 8.

9. Paragraph 9 contains no assertion of law or fact and no response is required.

## JURISDICTION AND VENUE

10. Defendants admit that the Complaint purports to assert claims for patent infringement under the laws of the United States and that this Court has subject-matter jurisdiction over such claims. Defendants deny the remaining allegations of Paragraph 10.

11. Defendants do not contest the propriety of venue. Defendants specifically deny all allegations of wrongdoing. Defendants deny the remaining allegations of Paragraph 11.

## U.S. PATENT NO. 7,797,191

12. Defendants admit that, on its face, U.S. Patent No. 7,797,191 was issued on September 14, 2010, and is entitled "Promotional Event Tracking System." Defendants deny the remaining allegations of Paragraph 12.

13. Defendants admit that the '191 patent generally describes a system for coordinating and tracking product and service demonstrations. Defendants deny the remaining allegations of Paragraph 13.

## U.S. PATENT NO. 7,444,305

14. Defendants admit that, on its face, U.S. Patent No. 7,444,305 was issued on October 28, 2008, and is entitled "Methods of Coordinating Products and Service Demonstrations." Defendants deny the remaining allegations of Paragraph 14.

15. Defendants admit that the '305 patent generally describes a system for coordinating and tracking product and service demonstrations. Defendants deny the remaining allegations of Paragraph 15.

## THE CROSSMARK/MASS CONNECTIONS NON-DISCLOSURE AGREEMENT

16. Defendants admit that Joe Crafton is the President of CROSSMARK, Inc. Defendants deny the remaining allegations of Paragraph 16.

17. Denied.

18. Defendants admit that representatives of CROSSMARK, Inc. made a presentation to representatives of Mass Connections, Inc. in 2006. Defendants deny the remaining allegations of Paragraph 18.

19. Defendants admit that Mass Connections, Inc. and CROSSMARK, Inc. entered into a "Mutual Confidentiality Agreement Between CROSSMARK, Inc. and Mass Connections" dated February 23, 2006 (the "Confidentiality Agreement"). Defendants deny the remaining allegations of Paragraph 19.

20. Defendants admit that the Confidentiality Agreement placed certain restrictions on either party's use of the other party's "Confidential Information," as defined in the Confidentiality Agreement and, potentially, by relevant parol evidence. Defendants deny the remaining allegations of Paragraph 20.

21. Defendants admit that representatives of Mass Connections, Inc. visited CROSSMARK, Inc.'s Plano or Dallas-area office. Defendants deny the remaining allegations of Paragraph 21.

22. Defendants admit that representatives of CROSSMARK, Inc. made a presentation to representatives of Mass Connections, Inc. in 2006. Defendants deny the remaining allegations of Paragraph 22.

23. Denied.

24. Denied.

25. Denied.

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR DIRECT, CONTRIBUTORY AND INDUCING INFRINGEMENT OF U.S. PATENT NO. 7,797,191

26. Defendants incorporate their responses to Paragraphs 1-25.

27. Defendants admit that CROSSMARK, Inc. is a sales and marketing company that provides sales and retail services to manufacturers and retailers in the consumer-goods industry, which includes product demonstration services. Defendants deny the remaining allegations of Paragraph 27.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR DIRECT, CONTRIBUTORY, AND INDUCING INFRINGEMENT OF U.S. PATENT NO. 7,444,305

35. Defendants incorporate their responses to Paragraphs 1-34.

36. Defendants admit that CROSSMARK, Inc. is a sales and marketing company that provides sales and retail services to manufacturers and retailers in

4
DEFENDANTS CROSSMARK AND SHOPPER EVENTS, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

the consumer-goods industry, which includes product demonstration services. Defendants deny the remaining allegations of Paragraph 36.

37. Denied.
38. Denied.
39. Denied.
40. Denied.
41. Denied.
42. Denied.
43. Denied.

## THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR BREACH OF CONTRACT

44. CROSSMARK, Inc. admits that the "Mutual Confidentiality Agreement Between CROSSMARK, Inc. and Mass Connections" dated February 23, 2006, is a valid and enforceable contract between CROSSMARK, Inc. and Mass Connections, Inc. Defendants deny the remaining allegations of Paragraph 44.

45. Denied.
46. Denied.
47. Denied.

## PRAYER FOR RELIEF

48. Defendants deny that Plaintiffs are entitled to any relief of any kind, or at all, and deny that Plaintiffs have suffered any damages of any kind, or at all.

///
///
///
///
///

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

1. Plaintiffs' Complaint fails to state a claim upon which any relief may be granted.

### SECOND AFFIRMATIVE DEFENSE: NON-INFRINGEMENT

2. Defendants have not and do not infringe, either directly or contributorily, any claim of U.S. Patents Nos. 7,797,191 or 7,444,305. Further, Defendants have not induced any other defendant, person, or entity to infringe, either directly on contributorily, any claim of U.S. Patents Nos. 7,797,191 or 7,444,305.

### THIRD AFFIRMATIVE DEFENSE: INVALIDITY OF THE PATENTS-IN-SUIT

3. U.S. Patents Nos. 7,797,191 and 7,444,305 are each invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101, et seq.

### FOURTH AFFIRMATIVE DEFENSE: ABSENCE OF LIABILITY

4. Plaintiffs' claims against Defendants are barred by the doctrine of laches, waiver, or legal or equitable estoppel.

## PRAYER FOR RELIEF

Defendants respectfully request that this Court:

  a. Enter judgment that Plaintiffs take nothing by way of their Complaint;

  b. Determine that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Defendants are entitled to an award of their costs and attorneys' fees incurred in connection with this action;

  c. Award Defendants their costs in this action;

d. Award Defendants all such other and further relief at law or in equity to which they may show itself entitled.

Dated: November 13, 2012

Respectfully submitted,

*[signature]*

Kenneth G. Parker
John Russell Emerson
HAYNES AND BOONE, LLP

Attorneys for Defendants
Crossmark, Inc. and
Shopper Events, LLC

# COUNTERCLAIM

## I. JURISDICTION

1. This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

2. This Court has personal jurisdiction over Plaintiffs at least because Plaintiffs filed their claim for patent infringement in this Court in response to which this counterclaim is filed.

## II. PARTIES

3. CROSSMARK, Inc. is a Delaware corporation with its principal place of business in Plano, Texas.

4. Shopper Events, LLC is a Delaware limited liability company with its principal place of business in Rogers, Arkansas.

5. On information and belief, Mass Connections, Inc. is a California corporation with its principal place of business in Sunset Beach, California.

6. On information and belief, Social Sampling, Inc. is a California corporation with its principal place of business in Stanton, California.

## III. FIRST CLAIM FOR RELIEF: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

7. Because Plaintiffs have brought this action against Defendants, a justiciable controversy exists between Plaintiffs and Defendants with respect to whether Defendants have infringed any valid claim of U.S. Patents Nos. 7,797,191

or 7,444,305.

8. Pursuant to 28 U.S.C. §§ 2201 and 2202, Defendants are entitled to a declaration from the Court that Defendants have not infringed any valid claim of U.S. Patents Nos. 7,797,191 or 7,444,305.

## IV. EXCEPTIONAL CASE

9. To the extent that this is an exceptional case under 35 U.S.C. § 285, Defendants are entitled to recover their costs and attorneys' fees incurred in connection with this action from Plaintiffs.

## PRAYER FOR RELIEF

Defendants respectfully request that this Court:

a. Enter judgment declaring that Defendants have not infringed any valid claim of U.S. Patents Nos. 7,797,191 or 7,444,305;

b. Enter judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and award Defendants their costs and attorneys' fees incurred in connection with this action;

c. Award Defendants their costs in this action; and

d. Award Defendants all such other and further relief at law or in equity that is just or proper.

Dated: November 13, 2012

Respectfully submitted,

_____
Kenneth G. Parker
John Russell Emerson
HAYNES AND BOONE, LLP

Attorneys for Defendants
CROSSMARK, INC. and
SHOPPER EVENTS, LLC

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action; my business address is 18100 Von Karman Avenue, Suite 750, Irvine, California 92612.

On *November 13, 2012*, I served true and correct copies of the document(s) described as ***DEFENDANTS CROSSMARK, INC. AND SHOPPER EVENTS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM*** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, as indicated on the attached Service/Mailing List, as follows:

☒ **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelopes with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California as indicated on the attached Service/Mailing List.

☐ **(By Electronic Delivery)** I served a true and correct copy by electronic delivery pursuant to C.C.P. § 1010.6, calling for agreement to accept service by electronic delivery, to the interested parties in this action as indicated on the attached Service/Mailing List.

☐ **(By Hand Delivery)** I caused such document to be delivered by hand to the offices of the addressees as indicated on the attached Service/Mailing List.

☐ **(By Express Service)** I served true and correct copies, enclosed in sealed Federal Express envelopes, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the offices of the addressees as indicated on the attached Service/Mailing List.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on *November 13, 2012*, at Irvine, California.

_____
Terry L. Kuester

## SERVICE/MAILING LIST

*Social Sampling v. Crossmark, Inc.*
U.S. District Court, Central District of California, Southern Division
Case No. SACV 12-01576 CJC (ANx)
Hon. Cormac J. Carney

Nathaniel L. Dilger, Esq.
Peter R. Afrasiabi, Esq.
ONE LLP
4000 MacArthur Blvd.
West Tower, Suite 1100
Newport Beach, CA 92660
T: 949-502-2870
Email:   ndilger@onellp.com
         pafrasiabi@onellp.com