1

2

3

4

5

6



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY — 3 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

7

# UNITED STATES DISTRICT COURT

8

# CENTRAL DISTRICT OF CALIFORNIA

9

10

SOCIAL SAMPLING, INC. and MASS
CONNECTIONS, INC.,

11

12

  Plaintiffs,

13

14

  v.

15

CROSSMARK, INC., SHOPPER EVENTS,
LLC., and DOES 1-5, Inclusive,

16

17

  Defendants.

18

19

20

21

22

23

24

25

26

27

28

Case No. SACV12-01576 CJC (ANx)

Honorable Cormac J. Carney
Honorable Magistrate Arthur Nakazato

**CONFIDENTIALITY ORDER**

1    Good cause exists for the Court to enter the following Joint Stipulated
2  Confidentiality Order (the "Order"). The parties are direct competitors with highly
3  sensitive business information. The parties are also private businesses that do not report
4  any financial information to the public. As such, the parties have non-public, confidential,
5  proprietary and trade secret information relating to the patents at issue, as well as business
6  plans, customer information, and financial information relating to the use of the technology
7  ("Confidential Information"). The broad dissemination of this Confidential Information
8  can permanently and irreparably harm the parties' competitive standing by allowing
9  competitors to use the information for business gain without the incidental expenditures
10 and costly research required to independently create it. This unfair advantage is
11 problematic to the discovery process in this action because each party, without a
12 Confidentiality Order in place, runs the risk of serious and irreparable harm to its business.
13 The Ninth Circuit recognizes that dissemination of confidential business information is the
14 "precise sort of information" which, if disclosed, would harm a litigant's competitive
15 standing. *Electronic Arts, Inc. v. United States District Court*, Case No. 08-74426, 2008
16 U.S. App. LEXIS 22476, at *4-5 (9th Cir. Oct. 28, 2008).

17    The parties have jointly drafted this Order, which the parties respectfully seek to be
18 entered by the Court to prevent harmful disclosure of the parties' Confidential Information
19 while balancing the public's right to acquire information that properly falls outside the
20 scope of the parties' protectable, confidential interests. The parties agree that the adoption
21 and adherence to this Confidentiality Order will facilitate an orderly and cost-effective
22 discovery process and preparation for trial or settlement and that the Confidential
23 Information will not be used for any purpose that is not directly related to this litigation.
24 Therefore, good cause exists to enter this Order to facilitate the mutual exchange of
25 information without harming the competitive standing of the parties in the above captioned
26 action.

27

28

2

**CONFIDENTIALITY ORDER**

**IT IS HEREBY ORDERED:**

1. <u>PURPOSES AND LIMITATIONS</u>. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to the following Order.  The parties further acknowledge, as set forth in Section 11, below, that this Order creates no entitlement to file confidential information under seal; the Local Rules of this Court set forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. <u>DEFINITIONS</u>.

2.1.  <u>Party:</u> any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2.  <u>Material:</u> all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, served, or otherwise provided in this action by the parties or by non-parties.

2.3.  <u>"Confidential" Information or Items</u>: information or any other form of evidence or discovery the party or third-party witness or entity believes, in good faith, embodies, contains, or reflects confidential information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, including without limitation, research, trade secret, development, commercial, financial, or personnel information.

2.4.  <u>"Highly Confidential –Attorneys' Eyes Only" Information or Items:</u> information or any other form of evidence or discovery the party or third-party witness or

entity believes, in good faith, embodies, contains or reflects highly proprietary financial or technical data or highly sensitive competitive information that a producing party or producing third party determines, in good faith, is likely to cause significant competitive harm to its existing or prospective commercial relationships if disclosed to third parties. This designation includes Material obtained from a non-party pursuant to an alleged Nondisclosure Agreement between CROSSMARK, Inc. and Mass Connections, Inc. ("NDA"), unless the non-party permits a different designation in writing.  Highly Confidential – Attorneys' Eyes Only Material shall include all Material referring or relating to the foregoing, including, but not limited to, copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 5.

  2.5. Receiving Party: a Party that receives Material from a Producing Party.

  2.6. Producing Party: a Party or non-party that produces Material in this action.

  2.7. Designating Party: a Party or non-party that designates Material as "Confidential" or "Highly Confidential -Attorneys' Eyes Only."

  2.8. Protected Material: any Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

  2.9. Outside Counsel: attorneys (including litigation and clerical support staff) who are not employees, directors, or officers of a Party or a Party's parents, affiliates, or subsidiaries, but who are counsel for a Party in this action or advise a Party in this action.

  2.10. House Counsel: attorneys who are employees of a Party.

  2.11. Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

  2.12. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been specially retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13. <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>. The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>. The terms of this Order shall survive the final termination of this action to the extent that any Protected Material is not or does not become known to the public. This Court shall retain jurisdiction over this action for the purpose of enforcing this Order. Each Party hereby consents to the personal jurisdiction of the Court for the purpose of enforcing this Order.

5. <u>DESIGNATING PROTECTED MATERIAL.</u>

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of any Material that qualify – so that other portions of the Material for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**CONFIDENTIALITY ORDER**

5.2.    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be clearly so designated before the Material is disclosed or produced. Designation in conformity with this Order requires:

(a.)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on the Protected Material.

(b.)    for testimony given in deposition or in other discovery-related proceedings, for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after the Designating party's

**CONFIDENTIALITY ORDER**

receipt of the final draft of the transcript of the deposition, hearing, or proceeding to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days after the Designating party's receipt of the final draft of the transcript of the deposition  if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c.)    for information produced in some form other than documentary and any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3.    Inadvertent Production.

(a.)    In addition to the provisions set forth below in paragraphs 5.3(b) and 5.3(c) below, Rule 26(b)(5)(B) shall control all issues regarding the production of Materials a party claims should not have been produced or disclosed because of the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity from discovery.

(b.)    Inadvertent Failures to Properly Designate.  If a Party or non-party inadvertently produces Material without labeling or otherwise designating it in accordance with the provisions of this Order, the Party or non-party may give written notice to the Receiving Party that the Material produced is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and should be treated as such in accordance with the provisions of this Order.  The Receiving Party must treat such Material according to its most recent designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" from the date such notice is received.

7

CONFIDENTIALITY ORDER

(c.)   No Waiver of Privilege.  The production or inspection of Material that a Producing Party claims should not have been produced or disclosed because of the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity from discovery shall not be deemed to be a waiver of any such privilege or immunity to which the Producing Party would have been entitled had the Material not been produced or disclosed.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1.   Challenges.  The Designating Party shall use reasonable care when designating Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Nothing in this Order shall prevent a Receiving Party from contending that any Material has been improperly designated.  If the Receiving Party disagrees with the designation of any Material, the Receiving Party may challenge such designation by providing the Designating Party with written notice of such challenge and by identifying the Material as specifically as possible.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.   Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and, in addition to the written notice, must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

8

6.3.   Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must (a) be made in strict compliance with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement; (b) accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph; and (c) set forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL.

7.1.   Basic Principles.  Unless previously filed or lodged with the Court, all discovery materials produced in this litigation (including Protected Material) and the substance and content thereof, including any copies, notes, memoranda, summaries, excerpts, compilations, or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this litigation and not for any other purpose, including, without limitation, any business or commercial purpose, or dissemination to the media or public.  Any person in possession of Protected Material shall exercise reasonably appropriate care with regard to storage, custody, or use of such Protected Material in order to ensure that the confidential nature of the Protected Material is maintained.  If Protected Material is disclosed or comes into the possession of any person other than in the manner authorized by this Order, any Party having knowledge of the disclosure must timely inform the Producing Party (and, if not the same person or entity, the Designating Party) of all pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve such Protected Material and to prevent further disclosure.  Such Protected Material may be

disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a.)    the Receiving Party's Outside Counsel of record in this action;

(b.)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c.)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

(d.)    the Court and its personnel;

(e.)    Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f.)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Order;

(g.)    the author of the document or the original source of the information;

(h.)    bank regulators of the Receiving Party to whom disclosure is required for the purposes of bank regulation or auditing, such disclosure shall be governed by any and all applicable confidentiality agreements between the bank regulator and the Receiving Party.

7.3.   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a.)   The Receiving Party's Outside Counsel of record in this action;

(b.)   One employee of the Receiving Party (1) who has no involvement in competitive decision-making for the Receiving Party, (2) to whom disclosure is reasonably necessary for this litigation, (3) who are directly employed by the Receiving Party, and (4) who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

(c.)   Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who are not a current or former employee of the Receiving Party, and (3) who have signed the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

(d.)   The Court and its personnel;

(e.)   Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f.)   The author of the document or the original source of the information.

(g.)   Bank regulators of the Receiving Party to whom disclosure is required for the purposes of bank regulation or auditing, such disclosure shall be governed by any and all applicable confidentiality agreements between the bank regulator and the Receiving Party; and

(h.)   Such other persons as agreed in writing by the Producing Party.

8.   DISCLOSURE TO EXPERTS.   An Expert's access to Protected Material shall be subject to the terms in this section, including the notice-and-objection provisions below, and the requirement that the Expert execute the "Agreement to Be Bound by Confidentiality Order" (Exhibit A).   The "Agreement to Be Bound by Confidentiality

Order" (Exhibit A) shall be retained by Outside Counsel for the Party that retained the Expert, but need not be disclosed to any other Party.

9.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing within seven court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must inform in writing the person or entity who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the person or entity in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must timely (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, and (c)

**CONFIDENTIALITY ORDER**

inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

11.   FILING PROTECTED MATERIAL. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or Highly Confidential – Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers. The parties shall cooperate in providing declarations supporting application to seal lodged filings.

12.   FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or otherwise destroy all such Protected Material that can be located after a reasonable search. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION), above.

13.   PROSECUTION BAR. Any attorneys, patent agents, or other persons who access documents, information, and other things designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall have no active involvement in the prosecution of any application pertaining to the technology of the patent-in-suit during the pendency of this

13

1 action and for two years after the conclusion of their involvement with this litigation,

2 including appeals.

3    14.    MISCELLANEOUS.

4    14.1. Right to Further Relief. Nothing in this Order abridges the right of any person

5 to seek its modification by the Court in the future.

6    14.2. Right to Assert Other Objections. By stipulating to the entry of this Order, no

7 Party waives any right it otherwise would have to object to disclosing or producing any

8 information or item on any ground not addressed in this Order. Similarly, no Party waives

9 any right to object on any ground to use in evidence of any of the material covered by this

10 Order.

11    **IT IS SO ORDERED.**

12

13 DATED:  May 3, 2013

14    _____
     HON. ARTHUR NAKAZATO
     UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONFIDENTIALITY ORDER**

## EXHIBIT A

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of Social Sampling, Inc. et al v. Crossmark, Inc. et al, Case No. SACV12-01576 CJC (ANx) (the "Order"). I agree to comply with and to be bound by all the terms of the Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**CONFIDENTIALITY ORDER**