Nathaniel L. Dilger (Bar No. 196203)
ndilger@onellp.com
Christopher Arledge (Bar No. 200767)
pafrasiabi@onellp.com
Kainoa Asuega (Bar No. 279463)
kasuega@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
West Tower, Suite 1100
Newport Beach, CA 92660
Phone:  (949) 502-2870

*Attorneys for Plaintiffs,*
*Social Sampling, Inc.; Mass Connections, Inc.; et al.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| Social Sampling, Inc. and Mass Connections, Inc.,<br><br>        Plaintiffs,<br><br>v.<br><br>CROSSMARK, Inc.; Shopper Events, LLC., and Does 1-5, Inclusive,<br><br>        Defendant. | Case No. SACV12-01576 CJC (ANx)<br>Hon. Cormac J. Carney<br><br>**OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER**<br><br>Hearing Date: September, 30, 2013<br>Time:          1:30 P.M.<br>Courtroom:   9B |

**OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER**

## I.      Introduction

Less than two months before discovery is set to close in this matter, Defendants move to amend yet again their affirmative defenses and counterclaims.   These amendments include (1) adding additional allegation regarding their declaratory judgment counterclaim of patent non-infringement (2) adding a new declaratory judgment counterclaim of patent non-infringement, and (3) adding declaratory judgment counterclaim and breach of contract counterclaim based on a theory of so-called "circular indemnity."  And while Plaintiffs do not oppose Defendants' amendments directed to the issues of patent infringement and patent validity, Defendants' amendments directed to the issue of "circular indemnity" are futile and should not be permitted.

Defendants' circular indemnity theory is part of a poorly-considered effort to divert attention from Defendants' own wrongdoing, including stealing Mass Connections' valuable intellectual property concerning how Mass Connections implements its patented systems and methods for conducting in-store demonstrations.   As detailed in Mass Connections' complaint, Defendants' gained possession of this information through the guise of negotiating a partnership with Mass Connections; all the while knowing that it had no intention of delivering on this promised partnership.  Defendants then used Mass Connections' own intellectual property to form a directly competing business, violating the '191 and '305 patents and the parties' explicit non-disclosure obligations.

In a bid to escape liability for its wrongdoing, Defendants now make an 11th-hour claim that a 2009 agreement between Shopper Events and Mass Connections can be contorted to grant Defendants the unfettered right to steal Mass Connections' intellectual property.  Defendants are wrong.

*First*, the portion of the 2009 agreement relied on by Defendants – like all indemnity clauses – covers only claims asserted by ***third parties***; not claims asserted by the indemnitor itself.

*Second*, the language of the clause says nothing about excusing infringement of the Mass Connection patents.  Instead, the agreement explicitly covers only a claim alleging

2

"infringement by the EMC's patents … on the rights of any third party." This clause cannot be construed as a back-door license for Defendants to engage in unfettered violation of Mass Connections' patent rights.

For at least the foregoing reasons, this Court should deny Defendants leave to add its Sixth Affirmative Defense and its Third and Fourth Counterclaims.

## II.   The Court should deny leave to amend because Defendants can prove no set of facts supporting their circular indemnity theory.

The Ninth Circuit has long held that a Court may deny leave to amend under Rule 15(a) where the amendment would be futile, or where the amended complaint would still be subject to dismissal. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir.1991). Futility of amendment under this rule is shown where plaintiff can prove "no set of facts" pursuant to the amended pleading which would entitle him to relief. *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988). Defendants' proposed amendment – which purports to raise a defense of so-called "circular indemnity" – is just such a claim.

### A. Because they are futile, the Court should reject Defendants' affirmative defenses and counterclaims based on the theory of "circular indemnity."

Defendants' proposed amendment is based on a 2009 agreement between Mass Connections and Shopper Events related to Mass Connections' use of Shopper Events' services to perform Mass Connections' patented in-store demonstrations. That agreement includes the following indemnity clause:

EMC [Mass Connections] shall defend, indemnify and hold the Provider Parties [Shopper Events] harmless from and against any Loss to the extent caused by: (i) products, point of sale materials and/or other product related materials and/or goods used or provided by EMC or its client in connection with this Agreement, including but not limited to. any defect in merchandise, or the purpose or use of any product manufactured, produced, demonstrated, or distributed by EMC, (ii) materials or equipment sourced, or research supplied, by EMC and incorporated or used in connection with material or

3

equipment prepared by Provider at EMC's direction; (iii) the negligence or willful misconduct of EMC and its employees, agents and other representatives or any parties acting under EMC's control and supervision, including, without limitation, such actions in connection with the use of the Demo Equipment and (iv) *the infringement of any of EMC's patents*, copyrights, or trademarks, or other proprietary rights held or used by client, *on the rights of any third party*.

Exhibit B to Df.'s Second Am. Answer, Section 8(b) (emphasis added).

It is the last clause that is important. And that last clause only applies in the very narrow circumstances where a third party alleges that an EMC patent, copyright, trademark infringes on its own rights. For example, one such claim might be a third-party claim for false advertising or false marking based on the Mass Connections' patents, i.e., a claim that a Mass Connections patent was falsely marked and/or services were falsely advertised as being "patented."

But faced now with the prospect of a massive damages award for its violation of the asserted patents, Defendants argue that the above language can be interpreted as a "free pass" to allow it to continue to violate these patents. Defendants' argument borders on the absurd. As a threshold matter, circular indemnity is not only rarely applied (and apparently almost never in California), the handful of cases where it is applied are limited to situations where a plaintiff must indemnify a third-party who must in-turn indemnify the defendant from the injured plaintiff. *See e.g. RFR Indus., Inc. v. Rex-Hide Indus., Inc.*, 222 F. App'x 973, 978 (Fed. Cir. 2007)(applying Texas law); *Starcraft Co., A Div. of Bangor Punta Operations, Inc. v. C.J. Heck Co. of Texas, Inc.*, 748 F.2d 982, 989 (5th Cir. 1984); *Moore v. Sw. Elec. Power Co.*, 737 F.2d 496, 501 (5th Cir. 1984); *In re Guardianship of Lane*, 994 So. 2d 757, 760 (Miss. 2008).

In other words, whether it is "circular indemnity" or just run-of-the-mill indemnity, an indemnity obligation – by definition **- requires** the existence of an injured third party. *See, e.g., Smoketree-Lake Murray, Ltd. v. Mills Concrete Constr. Co.*, 234 Cal. App. 3d

4

1724, 1735, 286 Cal. Rptr. 435, 440 (Ct. App. 1991) ("Indemnity, involve[es] an obligation to an injured **third party** (*emphasis added*)," and "is distinct from an exculpatory clause or 'exemption' from liability obtained from the injured party.")   Here, there is no injured third party that would trigger Mass Connection's indemnity obligation.

Distilled to its essence, Defendants argue that the Court should retroactively rewrite the language of the 2009 agreement.   Rather than indemnifying Shopper Events in the narrow circumstances where the loss is "caused by … ***the infringement of any [Mass Connections] patents … on the rights of any third party,***" Defendants argue that the clause should be rewritten to indemnify Shopper Events from "any claim based on Shopper Event's infringement of any Mass Connections patent."   Of course, this is not what the 2009 agreement states.   Indeed, even Defendants proposed rewrite makes no sense.   If the parties intended to provide a free license to practice the Mass Connections patents, they would have done so by drafting – well – a patent license.   Defendants' argument contravenes the explicit language of the agreement, which applies only to infringement **by** the Mass Connections patents "**on** the rights of any third party."

In short, Defendants' proposed amendment is futile on its face.

**B. The language in the 2009 agreement further reinforces the futility of Defendants' affirmative defenses and counterclaims.**

Section 7(c) of the 2009 Agreement further reinforces the futility of Defendants' proposed amendments.   This section provides that - upon receiving a third-party claim that would call for indemnification – Shopper Events must notify Mass Connections of the existence of the claim and give Mass Connections "a reasonable opportunity to defend and/or settle the claim at its own expense and with counsel of its own selection."   Exhibit B to Df.'s Second Am. Answer, Section 7(b).   It defies credulity to suggest that the 2009 agreement somehow requires Shopper Events to notify Mass Connections of the existence of a lawsuit that Mass Connections itself filed, so as to give Mass Connections an opportunity to engage in settlement discussions with itself to resolve its own lawsuit.

**OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER**

Defendants' interpretation of the 2009 agreement is absurd and cannot support its theory of circular indemnity.

Because there is no set of facts under which Defendants can prove its Sixth Affirmative Defense and its Third and Fourth Counterclaims, the Court should deny Defendants' requested leave.

**III.    Conclusion**

For at least the foregoing reasons, this Court should deny Defendants leave to add its Sixth Affirmative Defense and its Third and Fourth Counterclaims.

Dated:  September 9, 2013          **ONE LLP**

By:    */s/ Nathaniel L. Dilger*
         Nathaniel L. Dilger
         Attorneys for Plaintiffs,
         Social Sampling, Inc.; Mass Connections,
         Inc.; et al.

**OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER**